IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| WALTER and ALICE SWANK, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Civil No. 03-CV-0060-B |
| ZIMMER, INC., an Indiana Corporation, | ) ) ) |
| Defendant. | ) ) |

## ORDER ON INITIAL PRETRIAL CONFERENCE

On August 12, 2003, an initial pretrial conference was held in the above-entitled matter before the Honorable William C. Beaman, United States Magistrate Judge for the District of Wyoming. Counsel participating were Mel C. Orchard, III, Jackson, Wyoming, for the plaintiffs; and Andrea Roberts, Indianapolis, Indiana, and Thomas G. Gorman, Cheyenne, Wyoming, for the defendant.

**Jurisdiction and Venue —**

The Court has jurisdiction over both the parties and the subject matter of this action, and venue is properly in the United States District Court for the District of Wyoming. Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

**Consent to Trial by Magistrate Judge —**

The parties are all aware of the provisions of 28 U.S.C. 636(c) and U.S.D.C.L.R. 73.1(b), and acknowledge that this case will proceed before the District Judge assigned hereto, and not before the Magistrate Judge located in Cheyenne, Wyoming. However, the parties are not precluded from consenting to trial before a Magistrate Judge anytime prior to the trial date.

**Claims and Defenses —**

Plaintiffs, Walter and Alice Swank, assert diversity jurisdiction pursuant to 28 U.S.C. § 1332, and bring claims for negligence, strict products liability, breach of express or implied warranties, and loss of consortium arising out of a hip implant on April 25, 2001. Specifically, the plaintiff, Walter Swank, alleges he received a defective implant that was manufactured by the defendant, Zimmer, Inc. The plaintiff asserts that Zimmer, Inc. negligently failed to exercise reasonable care in the design and manufacture of the hip implant. Further, the plaintiff argues that the defendant is strictly liable for the defective product it was selling. The plaintiffs have suffered damages from the defective hip implant.

Defendant, Zimmer, Inc., generally denies the plaintiffs' allegations and affirmatively alleges that: 1) plaintiffs' sustained injuries were caused in whole or in part by the conduct of one or more persons or entities for whose conduct the defendant was not responsible; 2) plaintiffs' injuries were the result of intervening or superseding causes; 3) the defendant

complied with all applicable codes, standards, regulations, or specifications established by the United States, Indiana, Wyoming, and Utah; 4) plaintiffs' claims are barred by virtue of the intervention of a learned intermediary or intermediaries; 5) the complaint fails to state a claim upon which punitive damages may be awarded; 6) the plaintiff was contributorily negligent; 7) plaintiff assumed the risk; 8) plaintiff failed to give timely notice of breach of warranty; 9) the defendant's product is reasonably safe because reasonable health care providers prescribe the device knowing the device's foreseeable risks and therapeutic benefits.

### Complexity of the Case —

The Magistrate Judge is of the opinion that this is a non-complex case.

### Rule 26(f) Scheduling Conference —

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

### Self-Executing Routine Discovery —

The parties have complied with self-executing routine discovery exchange as required by U.S.D.C.L.R. 26.1(c).

**THE PARTIES HAVE A CONTINUING DUTY TO SUPPLEMENT OR CORRECT ALL DISCOVERY DISCLOSURES OR RESPONSES IN ACCORDANCE WITH FED. R. CIV. P. 26(a) AND U.S.D.C.L.R. 26.1(c).**

**Dispositive Motions — Hearing January 22, 2004**

**Defendant's Deadline — December 15, 2003**

**Plaintiffs' Response — January 12, 2004**

The deadline for the defendant to file all dispositive motions together with briefs and affidavits in support thereof is December 15, 2003.

The plaintiff shall file responsive briefs and affidavits on or before January 12, 2004.

If the dispositive motions are filed earlier than the above scheduled date, the responding party must respond in accordance with U.S.D.C.L.R. 7.1.

The dispositive motions are hereby set for oral hearing before the Honorable Clarence A. Brimmer on January 22, 2004, at 9:15 a.m. in Cheyenne, Wyoming. In the event all dispositive motions have been argued and briefed before the Court prior to the above deadlines, counsel shall so advise the Clerk of Court and the hearing date will be stricken.

**Expert Witness Designation —**

**Plaintiffs' Designation Deadline — October 31, 2003**

**Defendant's Designation Deadline — December 1, 2003**

In accordance with U.S.D.C.L.R. 26.1(f), the plaintiffs shall designate expert witnesses and provide the defendant with a complete summary of the testimony of each expert by October 31, 2003. In accordance with U.S.D.C.L.R. 26.1(f), defendant shall designate expert witnesses and provide the plaintiffs with a complete summary of the testimony of

each expert by December 1, 2003. These summaries **SHALL** include a comprehensive statement of the expert's opinions and the basis for the opinions. See Smith v. Ford Motor Company, 626 F.2d 784 (10th Cir. 1980). The plaintiffs may depose defendant's experts after the discovery cutoff date, but must complete the depositions ten (10) business days **PRIOR** to the final pretrial conference.

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witnesses will insist upon with respect to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable. In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation. U.S.D.C.L.R. 26.1(f).

The defendant may require the plaintiffs to submit to physical examination by an expert designated by the defendant any time before five weeks prior to the commencement of trial. The defendant shall designate said expert witness on or before one week after such examination. If the defendant conducts an examination earlier than five weeks prior to trial, defendant must designate the opinions of the expert no later than twenty (20) days following the examination. The plaintiffs may depose said expert any time prior to the commencement of trial.

**Discovery Cutoff Date — December 15, 2003**

The discovery cutoff date is December 15, 2003. All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date. All discovery depositions shall be completed by the discovery cutoff date. Trial depositions may be taken up to five (5) business days prior to the trial date.

**Stipulations as to Facts — December 22, 2003**

The parties shall exchange proposals for stipulations as to facts in accordance with U.S.D.C.L.R. 16.1(b) by December 22, 2003.

**Final Pretrial — March 23, 2004**

A final pretrial conference in this matter has been scheduled for 9:15 a.m. on March 23, 2004, in Cheyenne, Wyoming, before the Honorable Clarence A. Brimmer. ALL PARTIES **SHALL** SUBMIT THEIR PRETRIAL MEMORANDA NO LATER THAN FIVE (5) BUSINESS DAYS PRIOR TO THE CONFERENCE. U.S.D.C.L.R. 16.2(b).

Motions in Limine or motions relating to the exclusion of evidence shall be filed no later than five (5) business days prior to the commencement of trial. U.S.D.C.L.R. 43.1.

The parties shall prepare and furnish to the Court and opposing counsel three (3) business days before the commencement of trial, a list of all previously authorized exhibits and a list of all previously identified witnesses, including experts. The plaintiffs' list of exhibits shall be marked and listed numerically, and the defendant's list shall be marked and

listed alphabetically. The parties shall identify all witnesses they <u>will</u> call or <u>may</u> call and shall further identify whether each witness will testify in person, by deposition or by video tape. (See U.S.D.C.L.R. 43.6 and 43.7).

**Jury Trial — April 19, 2004**

A jury trial is set before the Honorable Clarence A. Brimmer for 9:30 a.m. on April 19, 2004, in Jackson/Cheyenne, Wyoming, and is expected to last five to seven (5-7) days. This case is stacked number one (#1) on the docket. U.S.D.C.L.R. 40.1(a).

The parties shall submit their proposed Findings of Fact and Conclusions of Law to the Court at the commencement of the trial. U.S.D.C.L.R. 52.1.

The parties SHALL exchange and file an original and one copy of their proposed voir dire questions, jury instructions and special verdict form no later than five (5) business days prior to the commencement of trial. U.S.D.C.L.R. 51.1. **THE PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORMS SHALL BE SUBMITTED TO THE CLERK OF COURT IN WRITING <u>AND</u> ON A 3 ½ INCH DISKETTE FORMATTED FOR WORDPERFECT FOR WINDOWS, AS A SINGLE DOCUMENT ENTITLED PLAINTIFF OR DEFENDANT"S PROPOSED INSTRUCTIONS.**

**Settlement Possibilities** —

The settlement possibilities of this case are considered by the Magistrate Judge to be fair.

Dated this 14th day of August, 2003.

*William C. Beaman*
William C. Beaman, U.S. Magistrate Judge